(No. 22418.— ▮▮▮▮▮▮▮▮▮▮▮▮)
In re C. W. LARSEN, Attorney, Respondent.

*Opinion filed October 24, 1934.*

JOHN L. FOGLE, *amicus curiæ.*

C. W. LARSEN, *pro se.*

Mr. JUSTICE STONE delivered the opinion of the court:

The board of managers of the Chicago Bar Association, who under a previous order of this court are constituted a commission to investigate complaints against members of the legal profession, have, pursuant to that order, investigated certain complaints against respondent, C. W. Larsen, and have recommended that he be suspended from the practice of law in this State for a period of three months and until the further order of this court.

From the report of the commissioners filed by counsel appearing as *amicus curiæ* pursuant to the said order of this court, it appears that Chester D. Kern, C. E. Stenning and Alanson C. Noble, attorneys at law, complained of respondent that he was guilty of unfair dealing with them, amounting to unethical and unprofessional conduct in connection with and concerning two certain suits growing out of an automobile accident in DuPage county, Illinois, which cases had been tried and were on appeal in the Appellate Court for the Second District on judgments for the plaintiffs procured therein in the circuit court of DuPage county.

The specifications of the complaint are, that respondent had a contract with the complainant Noble by which the latter was to assist with the trial of the case, and later a contract with complainants Stenning and Kern by which they were to do the necessary work in the Appellate Court, assisted by Noble. By these contracts the complainants were to be paid reasonable fees for such services out of the fee received by respondent. The latter by his contract with the plaintiffs was to receive as compensation one-third of the amount recovered. A judgment for $8000 was procured in the circuit court of DuPage county. While the cause was on appeal to the Appellate Court, the insurer of the defendant in the suits settled with the plaintiffs therein for the sum of $4000. This was done without the consent of any of the attorneys representing the plaintiffs. Respondent had, however, served on the defendant notice of an attorney's lien, and on August 26, 1933, without the notice of complainant Stenning, Kern or Noble, or any of them, respondent appeared at the office of the insurance company and accepted in full settlement of all attorneys' fees in the matter under his lien claim, the sum of approximately $1000. He did not inform the complainants of this action but permitted them to continue their work on the cases in the Appellate Court for a number of days there-

after. Complainants having heard a rumor that complete settlement of these causes had been made, attempted to secure information from respondent regarding the settlement and the payment of their fees, but respondent refused to give them any information and refused either to pay them for their services or to talk with them about the matter.

Respondent has filed exceptions to this report, by which he contends that the recommendation of the commissioners is not sustained by the evidence or the preponderance thereof but is contrary to the law and the evidence. He has filed in this court a purported abstract of the transcript of the proceedings before the commissioners, consisting only of his testimony and exhibits offered by him, together with exceptions, which he has designated as assignments of error. It is evident from the report of the commissioners filed by *amicus curiæ* that numerous witnesses were heard.

The order of this court above referred to, and under which these proceedings were had, provides that where exceptions are taken by the respondent he shall "bring to this court the records and proofs, or such parts thereof as may be necessary to enable the court to pass upon the exceptions." Where the exceptions attack the correctness of the commissioners' report on the evidence submitted it is incumbent on the party so excepting to bring to this court a transcript of all the evidence, properly abstracted, so that it may be determined whether the exceptions are well taken. While *amicus curiæ* may, if he deem it advisable, file an additional abstract, the burden does not rest upon him so to do where the respondent has failed to present sufficient of the record to enable the court to pass upon his exceptions. Having failed to properly present his exceptions to this court, the recommendation of the commissioners will not be disturbed but is approved, and respondent is suspended from the privilege of practicing law for a period of three months from the date of the filing of this opinion and until the further order of this court.

*Respondent suspended.*